UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:16-cv-01856-CAS(SPx) | Date | March 15, 2017 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. v. FRED HAMILTON ET AL. | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANTS' MOTION FOR LEAVE TO FILE A COUNTERCLAIM (Dkt. 13, filed February 15, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of March 20, 2017 is vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION AND BACKGROUND**

On June 8, 2016, plaintiffs Norma Navarro and Waldemar Valentin filed this action in San Bernardino Superior Court against Fred Hamilton, Hamilton Transportation Services, LLC, and Does 1–50. Dkt 1-1.

This case arises from a collision between plaintiffs' vehicle and Hamilton's truck. Plaintiffs allege that, on July 4, 2014, at approximately 1:05 a.m., Valentin was driving northbound on Interstate 15 while Navarro was sitting in the passenger seat of Valentin's vehicle. Id. ¶ 8. At that time, Hamilton had parked his truck on the right shoulder of the highway. Id. Valentin lost control of his vehicle and collided into Hamilton's parked truck. Id. Plaintiffs assert two claims against defendants: (1) negligence and negligence per se; and (2) negligent hiring, supervision, and retention. Id. ¶¶ 9–20.

On August 18, 2016, defendants filed an answer to plaintiffs' complaint. Dkt. 1-2.

On August 30, 2016, defendants removed the action to this Court on the basis of diversity jurisdiction. Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                  'O'

| Case No. | 5:16-cv-01856-CAS(SPx) | Date | March 15, 2017 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. v. FRED HAMILTON ET AL. | | |

On February 15, 2017, defendants timely filed a motion for leave to file a counterclaim or an amended answer.[1] Dkt. 13-1 ("Motion"). Valentin filed an untimely opposition to defendants' motion on March 7, 2017. Dkt. 16 ("Opp'n"). Defendants filed a reply on March 8, 2017. Dkt. 17.

Having carefully considered the parties' arguments the Court finds and concludes as follows.

## II.     LEGAL STANDARDS

Counterclaims are governed by Federal Rule of Civil Procedure 13, which categorizes counterclaims as either compulsory or permissive. See Fed. R. Civ. P. 13. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims." Fed. R. Civ. P. 13(a)(1)(A). A compulsory counterclaim must be "mature and owned by the pleader at the time he serves his pleading." Procare Labs., Inc. v. Gull Labs., Inc., 50 F.3d 15, *2 (9th Cir. 1995); see also Fed. R. Civ. P. 13(e) ("The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."). When a counterclaim is compulsory, it is forfeited if it is not raised in the party's pleading, including its answer to a complaint. Pochiro v. Prudential Ins. Co., 827 F.2d 1246, 1249 (9th Cir. 1987). The Ninth Circuit applies the "logical relationship test" to determine whether a counterclaim is compulsory. See id. Applying the logical relationship test, the court must examine "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Id. If a party timely seeks leave to file a counterclaim that matured after the party's initial pleading, see Fed. R. Civ. P. 13(e), "the court should grant it applying the same standard as that of an amendment under Rule 15." Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 689 (E.D. Cal. 2009).

Federal Rule of Civil Procedure 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written

---

[1] The deadline to request leave to file amended pleadings was February 15, 2017, the factual discovery cut-off is August 11, 2017, and a jury trial is scheduled to begin on December 5, 2017. See dkt. 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| Case No. | 5:16-cv-01856-CAS(SPx) | Date | March 15, 2017 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. v. FRED HAMILTON ET AL. | | |

consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is sought, the decision whether to grant leave to amend "is within the sound discretion of the trial court." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). "Five factors are taken into account to assess the propriety of a motion for leave to amend: [(1)] bad faith, [(2)] undue delay, [(3)] prejudice to the opposing party, [(4)] futility of amendment, and [(5)] whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). Some factors may be weighted more heavily than others; for example, "[s]ome courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

### III. DISCUSSION

Because Valentin was charged with driving under the influence of alcohol on July 4, 2014, defendants seek to file a counterclaim against Valentin for (1) indemnification and contribution and (2) declaratory relief. Dkt. 13-2.

The Court finds that such counterclaims are compulsory because they "arise[] out of the transaction or occurrence that is the subject matter of [plaintiffs'] claims; and do[] not require adding another party over whom the court cannot acquire jurisdiction." See Fed. R. Civ. P. 13(a)(1)(A). Nonetheless the Court may permit defendants to amend their pleading pursuant to Rule 15. See, e.g., Horton v. Calvary Portfolio Servs., LLC, 301 F.R.D. 547, 551 (S.D. Cal. 2014); Motor Works, LLC v. Safer Techs., Inc., No. 08-cv-03608-JW, 2010 WL 11485116, at *4 (N.D. Cal. Mar. 10, 2010).

Defendants argue that there would be no undue prejudice to Valentin in allowing defendants to file an amended answer that includes defendants' counterclaims. Motion at 2. Because discovery is in its early stages and is not set to close until August 12, 2017, defendants contend that Valentin will have ample time to conduct discovery regarding defendants' proposed counterclaims. Id. at 3. Defendants argue that the proposed counterclaims raise no unforeseen issues because the counterclaims address the same central issue of fact as the complaint: the liability for injuries sustained by plaintiffs. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                     'O'

| Case No. | 5:16-cv-01856-CAS(SPx) | Date | March 15, 2017 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. v. FRED HAMILTON ET AL. | | |

Defendants contend that their motion was not brought in bad faith because their claim "emerged with a further understanding of the facts in this case." Id. Defendants assert that their counterclaims are not futile because they believe that Valentin is ultimately liable for some or all of the damages in the case. Id. Finally, defendants have not previously requested leave to amend their answer.

Valentin argues that defendants fail to provide any good reason or any newly discovered evidence that would explain why defendants could not have filed their counterclaims with their answer in August 2016. Opp'n at 3. Plaintiffs assert that they will suffer undue prejudice if the trial in this matter has to be continued. Id. at 4.

Though defendants' motion "has come relatively late in the game, delay alone is normally an insufficient reason to deny leave to amend." Lennar Mare Island, LLC v. Steadfast Ins. Co., No. 2:12-cv-02182-KJM, 2015 WL 4910468, at *10 (E.D. Cal. Aug. 17, 2015); see U.S. v. Pend Oreille Public Utility Dist. No. 1, 926 F.2d 1502, 1511 (9th Cir. 1991). Defendants' motion for leave to amend was timely and was filed well before the factual discovery cut off on August 11, 2017. See dkt. 12. This is a not a case in which a party sought leave to amend "on the eve of the discovery deadline." See Solomon v. N. Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the district court's determination that a motion to amend would cause undue delay when the motion was filed two weeks before the discovery deadline); see also SAES Getters S.p.A. v. Auronex Inc., 219 F. Supp. 2d 1081, 1086 ("To show undue delay, the opposing party must at least show delay past the point of initiation of discovery; even after that time, courts will permit amendment provided the moving party has a reasonable explanation for the delay."). The amendment will not delay proceedings because trial is not scheduled to begin until December 5, 2017. Dkt. 12. The Court therefore concludes that delay does not justify denial of leave to amend. Furthermore, the Court finds that defendants' allegation that Valentin was charged with driving under the influence of alcohol will not prejudice Valentin, who is presumed to know of the charge against him.

Keeping in mind that "Rule 15's policy of favoring amendments should be applied with extreme liberality," Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (quotation marks omitted), the Court concludes that defendants' delay in moving to file an amended answer will not prejudice plaintiffs, who have nearly five months to complete discovery and more than eight months before trial begins. Valentin's speculation that "the trial may have to be continued" is neither realistic nor sufficient to deny defendants' an opportunity to litigate the matter on the merits. See Lopez v. Smith,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:16-cv-01856-CAS(SPx) | Date | March 15, 2017 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. v. FRED HAMILTON ET AL. | | |

203 F.3d 1122, 1127 (9th Cir. 2000) ("[T]he underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." (quotation marks omitted)).

Accordingly, the Court concludes that granting defendants' leave to amend is appropriate.

## IV.  CONCLUSION

In accordance with the foregoing, defendants' motion for leave to amend its answer is hereby **GRANTED**. Defendants shall file an amended answer forthwith.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |