# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| Case No. | 5:16-CV-1856 CAS (SPx) | Date | August 27, 2018 |
|---|---|---|---|
| Title | *NORMA NAVARRO; ET AL. V. FRED HAMILTON; ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Stephen McElroy | Barry Snyder |
| Terrence Jones | Jeffrey Choi |

**Proceedings:**    DEFENDANTS' MOTION TO EXCLUDE EXPERT MOHAMMED ATAROD (Dkt. 48, filed August 6, 2018)

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFF' EXPERT LEW GRILL (Dkt. 49, filed August 6, 2018)

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF SHARON K. KAWAI AND TAMORAH HUNT (Dkt. 50, filed August 6, 2018)

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFFS' DAMAGES (Dkt. 51, filed August 6, 2018)

## I. INTRODUCTION AND BACKGROUND

On June 8, 2016, Norma Navarro and Waldemar Valentin ("plaintiffs") filed suit in the San Bernadino Superior Court. Dk. 1 Exhib. 1 ("Complaint"). Plaintiffs allege that Fred Hamilton and Hamilton Transportation Services ("defendants") negligently caused a motor vehicle collision with plaintiffs' vehicle. Id. at 4. Plaintiffs also allege that defendant Hamilton Transportation Services engaged in negligent hiring, supervision and retention of an employee. Id. at 5. On August 30, 2016, defendants removed this case from San Bernardino Superior Court to this Court. Dkt. 1. A trial is currently set to commence on September 18, 2018.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL       'O'

| Case No. | 5:16-CV-1856 CAS (SPx) | Date | August 27, 2018 |
|---|---|---|---|
| Title | *NORMA NAVARRO; ET AL. V. FRED HAMILTON; ET AL.* | | |

On August 6, 2018, defendants filed four motions in limine. Dkt. 48, 49, 50, 51. Plaintiffs filed their joint oppositions to the motions on August 13, 2018. Dkts. 63, 63, 65, 66. The Court held a hearing on August 27, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARDS

A motion in limine is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. Ohler v. United States, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

Federal Rule of Evidence 702 allows for expert testimony, subject to certain requirements and conditions:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Rule 702 inquiry "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592–93 (1993). The district court must also "ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact. . . . Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact." United States v. Finley, 301 F.3d 1000, 1008 (9th Cir. 2002) (citing Daubert, 509 U.S. at 591–93). Daubert's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-CV-1856 CAS (SPx) | Date | August 27, 2018 |
| Title | NORMA NAVARRO; ET AL. V. FRED HAMILTON; ET AL. | | |

"gatekeeping obligation" "applies not only to testimony based on 'scientific' knowledge but also to testimony based on 'technical' and 'other specialized' knowledge." Kumho Tire Company v. Carmichael, 526 U.S. 137, 141 (1999). "[I]n considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000).

Under Rule 702(a), the scope of an expert's testimony is limited to "help[ing] the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law," because "'[w]hen an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.'" United States v. Diaz, 876 F.3d 1194, 1197 (9th Cir. 2017) (citing United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994)).

## III. DISCUSSION

### A. Defendants' Motion in Limine No. 1 to Exclude Expert Testimony of Mohammed Atarod

In its first motion in limine, defendants ask that the Court exclude the testimony of Mohammed Atarod. Defendants explain that plaintiffs' mandatory disclosures under Rule 26 were initially 25 days late, and that plaintiffs thereafter made multiple corrections of the disclosures. Dkt. 48 ("MIL 1") at 3. Defendants also argue that Atarod is not qualified under the Daubert standard because, although Atarod is a trained mechanical engineer, "his primary expertise is biomedical engineering." Id. at 5. Defendants also question the basis of Atarod's accident reconstruction report and identify an alleged error in the report. Id. at 6. Plaintiffs argue that Atarod possesses the requisite training in accident reconstruction, including, but not limited to multiple engineering degrees and certificates in the accident reconstruction field. Dkt. 63 (Opp'n 1") at 5.

The Court finds that Atarod satisfies the requirements of Rule 702 and Daubert. Although he is a qualified biochemist, he is also trained in accident reconstruction and has previously testified in this capacity. Id. at 5. Disputes about the accuracy of Atarod's testimony about the accident go to the appropriate weight to be given to the evidence, not admissibility. As to the late designation of Atarod and plaintiffs' delay in providing an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-CV-1856 CAS (SPx) | Date | August 27, 2018 |
| Title | NORMA NAVARRO; ET AL. V. FRED HAMILTON; ET AL. | | |

expert report, the Court finds that the late designation is not so prejudicial as to warrant exclusion of the testimony. Defendants appear to have taken Atarod's deposition, and do not claim that they cannot be ready for trial. Therefore, defendants' first motion in limine is **DENIED**.

### B. Defendants' Motion in Limine No. 2 to Exclude Expert Testimony of Lew Grill

In their second motion in limine, defendants ask the Court to exclude the testimony of plaintiffs' expert Lew Grill because the report failed to comply with Rule 26 disclosure requirements, and because his report allegedly lacks foundation. Dkt. 49 ("MIL 2) at 1-2. Defendants cite aspects of Grill's report that they specifically contest, including his reliance on a photograph from Google Maps, purportedly of the accident site. Id. at 4. The parties do not know precisely what area of the highway is photographed, nor when the photograph was taken. Id. Defendants also argue that Grill's testimony may not include his opinion regarding the "proximate cause" of the accident, nor may he testify that defendant Hamilton's log book was intentionally "falsified." Id. at 5-6. Defendants argue that this opinion requires Grill to hypothesize defendant Hamilton's mental state with no basis. Id. at 6. Plaintiffs argue that Grill possesses the requisite expert qualifications to testify, and that defendants' critiques of Grill's report go to weight, not admissibility. Dkt. 65 ("Opp'n 2") at 2.

The Court finds Grill's qualifications to be adequate. However, Grill may not base his testimony on the image from Google Maps because the timing and precise location is not known. In addition, because "[a]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law," Grill may not provide his opinion on the proximate causes of the accident. See MIL 2 Exhib. A at 9. Similarly, Grill may not testify that defendant Hamilton's logbook was "falsified"; he may only testify, based on his specialized knowledge, as to whether he believes the books are accurate. For the reasons articulated above, the Court declines to strike the testimony due to the late designation. Accordingly, defendants' second motion in limine is **DENIED** in part, and **GRANTED** in part.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-CV-1856 CAS (SPx) | Date | August 27, 2018 |
| Title | NORMA NAVARRO; ET AL. V. FRED HAMILTON; ET AL. | | |

### C. Defendants' Motion in Limine No. 3 to Exclude Expert Testimony of Sharon K. Kawai and Tamorah Hunt

In their third motion in limine, defendants also seek to exclude the expert testimony of Sharon K. Kawai, a physician, and Tamorah Hunt, an economist. The defendants argue that Kawai's disclosures and report fail to satisfy Rule 26, and defendants state that her report lacks foundation. Dkt. 50 ("MIL 3") at 1. Defendants specifically explain that Kawai has not disclosed the names of the cases in which she has previously testified as an expert, and that her report fails to explain with sufficient specificity the basis for her findings regarding plaintiffs' future medical care. Id. at 4-5. Defendants additionally argue that Hunt's report on plaintiffs' economic losses—which computes damages based on Kawai's report of plaintiffs' probable medical needs—should be excluded because it relies on Kawai's "insufficient report." Id. at 2. In response, plaintiffs report that, as a medical professional, Kawai is qualified to testify, and suggest that defendants can clarify methodological questions at deposition. Dkt. 66 ("Opp'n 3") at 2. Because plaintiffs argue that Kawai's report is admissible, they argue that Ms. Hunt's economic loss report is admissible, as well. Id.

As with Grill and Atarod, for the reasons articulated above, the Court declines to strike this testimony due to the late designation. However, pursuant to Rule 26, Kawai must disclose the cases, from the past four years, in which she has provided expert testimony. Fed. R. Civ. P. 26 (specifying that an expert must disclose "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition"). Kawai should additionally provide more specificity as to her methodology and the basis of her opinions regarding plaintiffs' future medical needs. Plaintiffs will submit the amended expert report with this information by September 10, 2018. Defendants will review the updated report, take any desired depositions, and submit their rebuttal report by September 24, 2018. Accordingly, this motion is **GRANTED** in part, and **DENIED** in part.

### D. Defendants' Motion in Limine No. 4 to Exclude Evidence of Plaintiffs' Damages

Defendants finally seek to exclude all evidence of plaintiffs' past and future damages, on the grounds that plaintiffs' damages disclosures have not complied with Rule 26. Dkt. 51 ("MIL 4") at 1. Specifically, defendants argue that plaintiffs have provided the defendants with three damages figures, all of which are insufficiently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-CV-1856 CAS (SPx) | Date | August 27, 2018 |
| Title | NORMA NAVARRO; ET AL. V. FRED HAMILTON; ET AL. | | |

substantiated: (1) plaintiffs' initial estimate that total damages would exceed $20 million dollars; (2) Navarro's interrogatory response that she had suffered $58,500 in lost wages; and (3) plaintiffs' itemized listing of Navarro's past medical expenses. Id. at 3. Defendants state that they have received no other damages information aside from the expert reports that defendants also seek to exclude. Id. at 4. Defendants thus argue that without particularized damages disclosures, they are unable to prepare a defense. Id. at 6. Plaintiffs argue that they have provided sufficient particularity in their damages computations, and that their disclosures do not impair defendants' ability to build their defense. Dkt. 64 ("Opp'n 4") at 2. Plaintiffs provided itemized past medical expenses, as well as detailed reports from their experts which categorized future anticipated losses. Id.

A motion *in limine* that is "no more than a rephrased summary-judgment motion . . . should not be considered." Louzon v. Ford Motor Co., 718 F.3d 556, 563 (6th Cir. 2013); see Colton Crane Co. v. Terex Cranes Wilmington, Inc., No. CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (explaining that motions *in limine* are not appropriate vehicles for resolving factual disputes and "should not be used as disguised motions for summary judgment"); C&E Servs., Inc. v. Ashland, Inc., 539 F. Supp. 2d 316 (D.D.C. 2008) (similar). Here, where defendants seek to exclude all evidence of plaintiffs' damages, defendants are in effect seeking summary judgement. However, because plaintiffs' initial estimate that damages would exceed $20 million is not supported by evidence, it is not admissible for any purpose. By contrast, the other evidence of Navarro's lost wages and medical expenses may be considered, subject to cross examination. Accordingly, defendants' fourth motion in limine is **DENIED**.

### IV.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** in part and **GRANTS** in part defendants' motions in limine, as set forth in this order.

IT IS SO ORDERED.

|  | 00 | 10 |
|---|---|---|
| Initials of Preparer | CMJ | |