CIVIL MINUTES – GENERAL    'O'

| Case No. | 5:16-CV-1856 CAS (SPx) | Date | January 28, 2019 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. V. FRED HAMILTON ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Stephen McElroy | Barry Snyder |
| Terrence Jones | Jeffrey Choi |

**Proceedings:** PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE THE OPINIONS OF DEFENSE EXPERT GARY RITZ (Dkt. [ 87 ], filed January 7, 2019)

PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE THE OPINIONS OF DEFENSE EXPERT MICHAEL A. CALLAHAN (Dkt. [ 88 ], filed January 7, 2019)

PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE THE OPINIONS OF DEFENSE EXPERT DARRELL O. CLARDY (Dkt. [ 89 ], filed on January 7, 2019)

## I.    INTRODUCTION AND BACKGROUND

On June 8, 2016, Norma Navarro and Waldemar Valentin ("plaintiffs") filed suit in the San Bernadino Superior Court. Dk. 1, Ex. 1 ("Complaint"). Plaintiffs allege that Fred Hamilton and Hamilton Transportation Services ("defendants") negligently caused a motor vehicle collision with plaintiffs' vehicle on July 4, 2014. Id. at 4. Plaintiffs also allege that defendant Hamilton Transportation Services engaged in negligent hiring, supervision and retention of an employee. Id. at 5. On August 30, 2016, defendants removed this case from San Bernardino Superior Court to this Court. Dkt. 1. On March 23, 2017, defendants filed a counter-complaint. Dkt. 19. A trial is currently set to commence on February 12, 2019.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 5:16-CV-1856 CAS (SPx) | Date | January 28, 2019 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. V. FRED HAMILTON ET AL. | | |

On January 7, 2019, plaintiffs filed four motions in limine, along with supporting exhibits. Dkts. 87 ("MIL 1"), 88 ("MIL 2"), 89 ("MIL 3"). Defendants filed oppositions on January 14, 2019. Dkts. 90 ("Opp'n 1"), 91 ("Opp'n 2"), 92 ("Opp'n 3"). The Court held a hearing on January 28, 2019. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARDS

A motion in limine is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" or the court. Ohler v. United States, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

Federal Rule of Evidence 702 allows for expert testimony, subject to certain requirements and conditions:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Rule 702 inquiry "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592–93 (1993). The district court must also "ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact. . . . Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact." United States v. Finley, 301 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 5:16-CV-1856 CAS (SPx) | Date | January 28, 2019 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. V. FRED HAMILTON ET AL. | | |

1000, 1008 (9th Cir. 2002) (citing Daubert, 509 U.S. at 591–93).  Daubert's "gatekeeping obligation" "applies not only to testimony based on 'scientific' knowledge but also to testimony based on 'technical' and 'other specialized' knowledge." Kumho Tire Company v. Carmichael, 526 U.S. 137, 141 (1999).  "[I]n considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000).

Under Rule 702(a), the scope of an expert's testimony is limited to "help[ing] the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law," because "'[w]hen an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.'" United States v. Diaz, 876 F.3d 1194, 1197 (9th Cir. 2017) (citing United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994)).

## III. DISCUSSION

### A. Plaintiffs' Motion In Limine To Preclude The Opinions Of Defense Expert Gary Ritz

In their first motion in limine, plaintiffs move to exclude the testimony of defense expert Gary Ritz to the extent that it (1) states Ritz's opinion as to whether defendant Hamilton complied with various state and federal regulations governing commercial vehicles, and (2) relies on three Google Maps photographs that fail to identify the precise location where and time that the photographs were taken.  MIL 1 at 3–4.  Defendants respond that the Court should not rule on plaintiffs' motion because plaintiffs filed this motion after the motion in limine deadline, without requesting leave to file the motion from the Court.  Opp'n 1 at 1–2.  Defendants further argue that Ritz' opinions do not "usurp the province of a trier of fact," and that Ritz's opinions comply with Rule 702. Opp'n 1 at 3.

As an initial matter, the Court finds that plaintiffs' motion is not untimely.  The deadline to hear motions in limine was previously set for August 27, 2018.  Dkt. 40. However, after the parties stipulated to continue trial to February 12, 2019, see dkt. 81, the Court extended the deadline to hear motions in limine to January 28, 2019, see dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL     'O'**

| Case No. | 5:16-CV-1856 CAS (SPx) | Date | January 28, 2019 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. V. FRED HAMILTON ET AL. | | |

82. Accordingly, plaintiffs' motion, filed on January 7, 2019, and calendared for a January 28, 2019 hearing, is timely.

The Court next turns to the substance of Ritz's expert opinions. Pursuant to Federal Rule of Evidence 704(a), "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). However, the Ninth Circuit "has repeatedly affirmed that 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'" Diaz, 876 F.3d at 1197 (citing Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004)). Moreover, "instructing the jury as to the applicable law is the distinct and exclusive province of the court." Hangarter, 373 F.3d at 1016 (citations and quotation marks omitted).

Notwithstanding these limits on expert testimony, the Ninth Circuit has recognized that "[a]lthough the value of expert testimony lies in the specialized knowledge that an expert brings to bear on an issue in dispute, . . . it is sometimes impossible for an expert to render his or her opinion on a subject without resorting to language that recurs in the applicable legal standard." Diaz, 876 F.3d at 1198. Accordingly, at times, an expert "may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." Hangarter, 373 F.3d at 1017 (admitting expert testimony that referenced California statutory provisions) (quoting Specht v. Jensen, 853 F.2d 805, 809 (10th Cir.1988)). The Ninth Circuit has recently clarified the standard that determines when legal terminology is appropriate: "if the terms used by an expert witness do not have a specialized meaning in law and do not represent an attempt to instruct the jury on the law, or how to apply the law to the facts of the case, the testimony is not an impermissible legal conclusion." Diaz, 876 F.3d at 1199.

The Court has reviewed Ritz's expert report, MIL 1, Ex. A ("Ritz Report"), as well as the deposition of Ritz, taken by plaintiffs on August 21, 2018, Opp'n 1, Ex. A. ("Ritz Depo."). The Court finds that, at times, Ritz's testimony invades the province of the jury and the Court. Ritz's expert report regularly draws conclusions concerning the proper construction of laws and regulations governing a commercial vehicle's right to park and obligation to employ warning lights on the highway. See, e.g., Ritz Report at 5 ("Section 22505 CVC does not expressly prohibit parking alongside a freeway . . . ."); see also id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL    'O'**

| Case No. | 5:16-CV-1856 CAS (SPx) | Date | January 28, 2019 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. V. FRED HAMILTON ET AL. | | |

at 3 (concluding that, given the location of the tractor trailer unit, certain federal regulations are "inapplicable" in this case). At one point, Ritz's report concludes that, "Mr. Hamilton acted quite appropriately and within *all potentially applicable laws* in not using his warning flashers while parked well in excess of 10- feet from the roadway." Id. at 3 (emphasis added). In his deposition, Ritz testified that he was hired to determine "whether or not [Hamilton's conduct] was a violation of California law," and Ritz testified that "my determination and opinion is that there was no violation of California law by Mr. Hamilton parking where he did." Ritz Depo. 24:16 – 25:1. In their motion, defendants also represent that Ritz will testify that "defendant Hamilton could and did legally park in the location where he was at the time of the accident." Opp'n 1 at 3.

These statements constitute impermissible legal conclusions that "attempt[] to substitute the expert's judgment for the jury's." Diaz, 876 F.3d at 1197 (citing Duncan, 42 F.3d at 101). Especially here, where plaintiffs allege a negligence per se claim, compl. ¶¶ 11–12, "[s]uch testimony would, in effect, instruct the jury regarding how it should decide the key question whether [defendants] violated a statute and thus acted improperly for purposes of the [alleged] torts," Nationwide Transp. Fin. v. Cass Info. Sys., Inc., 523 F.3d 1051, 1059 (9th Cir. 2008). Such testimony must accordingly be excluded. Similarly, Ritz may not instruct the jury on the applicable law, as this is the province of the Court.

However, Ritz may testify regarding the standards that ordinarily apply to commercial trucks, as the standards are relevant to this case. To the extent that federal and state laws and regulations guide and/or shape that standard, Ritz may discuss the relevant statutes and regulations in his testimony. Hangarter, 373 F.3d at 1017. He may also provide his professional opinion as to whether Hamilton's conduct complied with the applicable standard. See United Energy Trading, LLC v. Pac. Gas & Elec. Co., No. 15-CV-02383-RS, 2018 WL 5013580, at *3 (N.D. Cal. Oct. 16, 2018) (allowing expert testimony that "did not substitute his judgment for the jury's, but instead provides his professional opinion about whether [defendant's] conduct acted in conformance with its understanding of the Gas Rules"); see also Diaz, 876 F.3d at 1197 (permitting expert testimony that defendant's conduct fell "outside the course of professional practice"). Questions of whether Hamilton violated a law, however, remain reserved for the jury.

Plaintiffs also move in limine to exclude Ritz's expert opinions to the extent that they are based on three Google Map photographs included in Ritz's expert report.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL    'O'**

| Case No. | 5:16-CV-1856 CAS (SPx) | Date | January 28, 2019 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. V. FRED HAMILTON ET AL. | | |

Plaintiffs contend that these photographs cannot reliably support an expert opinion because the precise time and location of the photographs are unknown. MIL 1 at 4. Defendants appear to contend that the inclusion of these photographs is necessary to rebut the expert report provided by plaintiffs' expert Lew Grill. Opp'n 1 at 3 (stating that Ritz would testify that "the undated Google photograph produced as part of the file of Lew Grill, Plaintiff's liability expert, which purportedly shows an EMERGENCY PARKING ONLY sign, could not be located on the Google website").

The Court previously ruled that Grill could not base his testimony on a photograph contained in his expert report. Dkt. 78 ("August Order") at 4. That photograph purportedly displayed an "Emergency Parking Only" sign. See Dkt. 49, Ex. A. ("Grill Report") at 3. However, the Court ruled that the photograph was not a proper foundation for expert testimony because the precise timing and location of the photograph were not known. August Order at 4. Indeed, the photograph in Grill's report contained no identifying information at all.

Here, Ritz identifies the location of the photographs as the "Ontario Fwy" and "Fontana, California." See Ritz Report at 7–9. Two photographs are dated June 2014, and the third is dated December 2015. Id. This information better supports the potential reliability and relevancy of the photographs, since the accident occurred on July 4, 2014. Compl. ¶ 1. However, in response to the Court's inquiry whether the parties could acquire Google Map images that captured the cite of the incident on a date closer to July 4, 2014, the parties represented that they would research this possibility. The parties also stated that they were inquiring into calling a witness from the California Department of Transportation, who could potentially testify to any signage posted along the highway.

Given the parties' representations that more precise evidence of the signage at the site of the incident may be available, the Court declines to rule at this time on plaintiffs' request to exclude Ritz's expert opinions which are based on the three Google Map photographs included in Ritz's report. The Court reserves judgment on the present issue and **DENIES** it without prejudice.

Accordingly, the Court **GRANTS** in part and **DENIES** in part plaintiffs' motion to exclude the certain opinions of expert witness Ritz.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL    'O'**

| Case No. | 5:16-CV-1856 CAS (SPx) | Date | January 28, 2019 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. V. FRED HAMILTON ET AL. | | |

### B.    Plaintiffs' Motion In Limine To Preclude The Opinions Of Defense Expert Michael A. Callahan

In their second motion in limine, plaintiffs move to exclude certain opinions offered by expert witness of Michael A. Callahan.  MIL 2 at 3.  Defendants designated Callahan to provide expert testimony on the cause of the accident, the speed of the vehicles, and other issues, based on Callahan's reconstruction of the accident.  As part of this analysis, Callahan conducted "[a]n additional analysis and simulation . . . to evaluate [plaintiffs'' car's] trajectory in the absence of impact with the trailer."  Opp'n 2, Ex. 1 ("Callahan Report") at 5.  Callahan concluded that, had plaintiffs' vehicle swerved off the highway without colliding with defendants' truck, plaintiffs' vehicle would have "experience[d] a high-speed driver's side leading rollover collision . . . ."  Id.  Callahan added that, "[a]ccording to statistics from the National Highway Traffic Safety Administration (NHTSA), rollover collisions have a disproportionately high fatality rate when compared with other collision types.  Both alcohol and speed are contributing factors in close to half of fatal rollover collisions."  Id. at 6.

Plaintiffs argue that testimony regarding this alternate scenario analysis should be excluded because it "lacks the necessary foundation and instead is far too speculative to be allowed in."  MIL 2 at 4.  Plaintiffs contend that Callahan did not adequately analyze the composition and grade of the roadway and nearby embankment at the cite of the incident.  Id.  Plaintiffs further argue that Callahan should be excluded from relying on NHTSA statistics regarding the high fatality rate and aggravating factors of rollover collisions.  MIL 2 at 4.  "While this may be statistically true, it is irrelevant to the case at hand and also must be excluded.  The vehicle collision at hand did not result in a rollover and any injuries that might have occurred do not matter."  MIL 2 at 5.  Defendants respond that Callahan adequately inspected and analyzed the area surrounding the incident, and that plaintiffs' argument "goes to the weight of the evidence, not its admissibility."  Opp'n 2 at 2.  Defendants also cite Trull v. Volkswagen of America, Inc., 187 F.3d 88, 97 (1st Cir. 1999), to argue that "experts may base their opinion on statistical data compiled by a governmental agency."  Id.

As an initial matter, the Court notes that other courts have admitted evidence of likely alternative scenarios where such analysis is relevant to proving elements of a tort claim.  See, e.g., Rockhill-Anderson v. Deere & Co., 994 F. Supp. 2d 1224 (M.D. Ala. 2014).  Additionally, the Court has reviewed Callahan's expert report.  The Court finds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL     'O'**

| Case No. | 5:16-CV-1856 CAS (SPx) | Date | January 28, 2019 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. V. FRED HAMILTON ET AL. | | |

that Callahan employed a laser scanner to collect data about the area surrounding the incident. Callahan Report at 4. That data, along with information from the Traffic Collision Report prepared by a California Highway Patrol officer, supplied the information necessary to create a digital model of the surrounding terrain. Id. at 3–4. This satisfies the requirements of Rule 702. Indeed, plaintiffs' expert Mohamad Atarod employed the same computer program to conduct his accident reconstruction, opp'n 2, Ex. 4 43:24 – 44:3, and the Court declined to exclude Atarod's testimony, August Order at 3. Plaintiffs' critiques of Callahan's methodologies and findings are subject for cross-examination.

However, while the Court declines to exclude Callahan's testimony on the likely trajectory of plaintiffs' vehicle if it had not collided with defendants' trailer, the Court finds that testimony concerning the likely injuries plaintiffs would have sustained in this alternate scenario is too speculative to be admissible, particularly in light of its prejudicial effect. Ollier v. Sweetwater Union High Sch. Dist., 768 F.3d 843, 861 (9th Cir. 2014) (ruling that speculative expert testimony is "inherently unreliable"). Callahan reports that NHTSA statistics indicate that "rollover collisions have a disproportionately high fatality rate when compared with other collision types." Callahan Report at 6. He adds that "alcohol and speed are contributing factors" to roughly half the fatal rollover collisions. Id. However, Callahan neither provides precise figures on the percentage of fatal rollover accidents, nor compares rollover collisions to the type of collision that occurred in this case. This limits the probative effect of this evidence. At the same time, an inference that plaintiffs likely would have died in the absence of striking defendants' truck is an evocative contention, which could unduly distract and prejudice the jury. See Turner v. Allstate Ins. Co., 902 F.2d 1208, 1214 (6th Cir. 1990) (affirming a district court's decision to exclude statistical evidence where the probative value was "marginal at best," but the likelihood that the evidence would have confused the jury and led them to "assign[] an inappropriately high degree of reliability to them" was high). The Court therefore excludes these opinions, pursuant to Rule 403. Fed. R. Evid. 403. Accordingly, plaintiffs' motion in limine to exclude Callahan's expert testimony pertaining to his alternate scenario analysis is **GRANTED** in part and **DENIED** in part.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:16-CV-1856 CAS (SPx) | Date | January 28, 2019 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. V. FRED HAMILTON ET AL. | | |

### C. Plaintiffs' Motion In Limine To Preclude The Opinions Of Defense Expert Darrell O. Clardy

In their final motion in limine, plaintiffs move to exclude expert Darrell Clardy's expert opinions that (1) plaintiff driver Valentin's blood alcohol level was the cause of the loss of vehicle control, and (2) that plaintiff passenger Navarro's "loss of inhibitions," due to her alcohol consumption, was an "additive factor." MIL 3 at 3. Plaintiffs argue that "Dr. Clardy is a forensic toxicologist and, as such, his opinions must remain within this expertise. As such, Dr. Clardy should be precluded from offering any opinion that would otherwise fall outside his own scope and within that of an accident reconstructionist. It is not within Dr. Clardy's scope to opine as to what caused the loss of control of the plaintiff's car." Id. at 4. Defendants respond that "Dr. Clardy is not making a groundless assumption" about the cause of the incident. Opp'n 3 at 2. Instead, defendants argue that Dr. Clardy evaluated the events based on (1) his expertise as a forensic toxicologist, (2) plaintiff's known blood alcohol levels, and (3) plaintiff Navarro's testimony. Id. at 2.

Valentin pled guilty to driving under the influence at the time of the collision in this case, dkt. 20 ¶ 7, and Navarro testified to drinking alcohol on the day of the event, dkt. 89-2 at 2. Navarro also testified that they were traveling at about 85 miles per hour. Id. As an experienced forensic toxicologist, Clardy may testify as to plaintiffs' blood alcohol levels at the time of the incident, and he may offer opinions on how alcohol consumption may affect a person's driving and general behavior. See United States v. Spotted Bear, 160 F. App'x 650, 651 (9th Cir. 2005) ("Nor was it error to permit the toxicologist to testify that a person's ability to safely operate a motor vehicle would be impaired if he or she had a BAC of 0.18. The testimony did not intrude into the jury's function."); Hickerson v. Yamaha Motor Corp., No. 8:13-CV-02311-JMC, 2016 WL 4055025, at *4 (D.S.C. July 29, 2016) ("[T]o the extent Defendants offer evidence regarding the fact that Plaintiff did consume alcohol on the day of the accident and that alcohol consumption may cause impairment, that evidence is both relevant and more probative than prejudicial under Fed. R. Evid. 401, 402, and 403."). As already discussed, however, "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." Diaz, 876 F.3d at 1197. Accordingly, Clardy cannot provide an expert opinion on the cause of the incident. That question remains reserved for the jury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 5:16-CV-1856 CAS (SPx) | Date | January 28, 2019 |
|---|---|---|---|
| Title | NORMA NAVARRO ET AL. V. FRED HAMILTON ET AL. | | |

Plaintiffs' motion is accordingly **GRANTED**.

## IV. CONCLUSION

In accordance with the foregoing, the Court requests oral argument on plaintiffs'' motion in limine pertaining to the testimony of expert witness Ritz. The Court **DENIES** in part and **GRANTS** in part plaintiffs' motions in limine to exclude expert opinions proffered by expert witness Callahan. The Court **GRANTS** plaintiffs' motion in limine to exclude expert witness Clardy's opinions as to the cause of the collision, as set forth in this order.

IT IS SO ORDERED.

|  | 00 | 15 |
|---|---|---|
| Initials of Preparer | | CMJ |